Hon. A. M. Buchanan,
Hon. C. Voorhies,
Hon. J. L. Cole,
Hon. T. T. Land,
} *Associate Justices.*

---

### Barnes, Lyman & Co. *v.* C. C. Wayland & Co.

The answers of a garnishee, when categorical, make full proof of the facts stated against the seizing creditor, until contradicted by other evidence.

The credibility of a garnishee cannot be impeached, by showing him to be unworthy of belief ; to contradict his answers, the facts stated in them must be disproved.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *J. Livingston,* for plaintiffs. *J. A. Bartlette,* for defendants. *George L. Bright,* for garnishee and appellant.

Land, J. The plaintiffs, judgment creditors of *Wayland & Co.,* applied for a *fieri facias* on their judgment, and garnished *M. Gernon,* under the 13th section of the Act of the 20th of March, 1839, p. 166, and propounded to him the following interrogatories :

First. Have you in your possession, or under your control, any money, rights, effects, or credits, belonging to *C. C. Wayland & Co.?* What is the value, and the amount ? Is it sufficient to pay plaintiffs' judgment, say $1,500 ?

Second. Did *C. C. Wayland & Co.* pay you any money in the month of January last past, or the present month of February ? If aye, state the amount, and the circumstances attending said payment. Was the amount so paid sufficient to satisfy plaintiffs' judgment? If not, to what amount would it satisfy said judgment ?

To which he answered as follows :

To the first—None whatever.

To the second—In January, *Wayland* paid me the rent of the month of December, $275. He also paid me in the month of January, after I had instituted

proceedings against him in this honorable court, in the matter of *J. B. Walsh*, absentee, the sum of $1150. Of this sum, $275 was for the rent of the store of *Walsh*, for the month of November, 1858, for which a note had been previously given. Then, also, two notes : one for $540 due *Walsh* for old rent, and one for $500 due me individually. These three amounts, in the aggregate $1315, were by me compromised with *Wayland*. I received from him, in full satisfaction of all these demands, the sum of $1150; and, in consideration of such settlement, I consented to release, and did release, *Wayland* from arrest, he being at the time in the custody of the Sheriff.

On the filing of these answers, a rule was taken by the plaintiffs on the garnishee, to show cause why judgment should not be rendered against him for the full amount of their judgment, interest and costs, on the grounds, that his answers to the interrogatories on facts and articles were evasive, unsatisfactory, and not true in fact. That his statement of the amount paid over by *Wayland & Co.* for old rent, and a debt due to himself, were evasive, insufficient, and unsatisfactory, in not stating how long the old rent had been due, and for what *Wayland & Co.* became indebted to him. That the alleged compromise was made under duress, that the garnishee acted with full knowledge of the insolvency of *Wayland & Co.*, and that the compromise was a fraud upon the plaintiffs, who were judgment creditors of *Wayland & Co.* at the time.

The rule was made absolute, and the garnishee condemned to pay the amount of $1150 to the plaintiffs; from which judgment he prosecutes this appeal.

First. In our opinion, the answers to the interrogatories were responsive and categorical; and that there is nothing in the record which proves that the garnishee received from the defendants, *Wayland & Co.*, any greater amount than stated in his answer to the second interrogatory; and there is no evidence to prove that he had in his possession any money, rights, effects or credits, belonging to *C. C. Wayland & Co.*, at the time of the service of the process of garnishment on him, or afterwards.

The answers of a garnishee, when categorical, make full proof of the facts stated against the seizing creditor, until contradicted by other evidence. *G. W. Helme* v. *C. W. Pollard & Co.*, ante, page 306; *McDowell* v. *Crook*, 10 An., page 31.

The affidavits of the garnishee in the case of *J. B. Walsh* v. *C. C. Wayland & Co.*, do not contradict his answers to the interrogatories in this case; and if they be inconsistent, as contended, that inconsistency has no relevancy to the issue of fact made by the plaintiffs' rule, as to the truth of his answers now under consideration. Nor can the testimony of the witness, to the effect that the garnishee said to him that he had received nothing from *Wayland & Co.*, although he had made a satisfactory settlement with them, be considered as evidence in favor of the plaintiffs, to disprove the truth of the garnishee's answers; for, if this testimony be true, it is against the plaintiffs—because it goes to prove that the garnishee received nothing at all from *Wayland & Co.*, when he admits in his answers that he had received the sum of $1150. There is a very material difference between impeaching the testimony of a general witness, and disproving the answers of a garnishee to interrogatories on facts and articles. The testimony of a witness may be impeached by evidence showing him to be unworthy of belief, but the answers of a garnishee cannot be assailed in that way; his rights and liability depend on his answers to the interrogatories which are propounded to him, and the facts stated in his answers must be disproved.

Secondly. The garnishee was not interrogated as to the nature of the indebted-ness of *Wayland & Co.* to himself individually, or to his principal, *Walsh,* and his answers, therefore, cannot be said to be evasive, on this ground.

Thirdly. The questions of duress, insolvency, and fraud, stated as the third ground why the garnishee should be condemned to pay the full amount of the plaintiffs' judgment, were wholly foreign to the issues between the parties at the time the rule was taken, and could not be raised in that collateral way, and had no connection whatever with the interrogatories, or the garnishee's answers thereto.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed; and it is now ordered, adjudged and decreed, that there be judgment in favor of the garnishee, with costs in both courts.